IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Matthew Thomas Pickens, ) | Case No. 2:11-cv-1168-RBH-JDA |
| ) | |
| Plaintiff, ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| v. ) | |
| ) | |
| United States Department of Justice; ) | |
| Federal Bureau of Investigation; Janice ) | |
| Galli McLeod; Kevin F. McDonald, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court on a motion for summary judgment filed by Defendants United States Department of Justice ("USDOJ") and Federal Bureau of Investigation ("FBI").[1] [Doc. 34.] Plaintiff, a prisoner proceeding pro se, brought this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. [Doc. 1.] Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B),[2] and Local Rule 73.02(B)(2)(f), D.S.C., this magistrate judge is authorized to review all pretrial matters in prisoner petitions not challenging prison conditions, conditions of confinement, or any other form of custody and submit findings and recommendations to the District Court.

---

[1] On June 13, 2011, Pursuant to the District Court's Order adopting this Court's Report and Recommendation, Defendants Janice Galli McLeod and Kevin F. McDonald were terminated as parties. [Doc. 13.] Consequently, the USDOJ and the FBI are the only defendants remaining in this action and will be collectively referred to as "Defendants."

[2] Plaintiff contends this magistrate judge lacks subject matter jurisdiction to hear and determine Defendants' summary judgment motion. [Doc. 42 at 3.] While Plaintiff is correct that, under 28 U.S.C. § 636(b)(1)(A), magistrate judges lack jurisdiction to hear and determine a motion for summary judgment, under § 636(b)(1)(B), magistrate judges have the authority to submit findings of fact and recommendations for the disposition of a motion for summary judgment, which is a "motion excepted in subparagraph (A)," 28 U.S.C. § 636(b)(1)(B).

Plaintiff's Complaint was filed on May 16, 2011. [Doc. 1.] On August 8, 2011, Defendants filed a motion for summary judgment. [Doc. 34.] On August 11, 2011, the Court issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the summary judgment procedure and the possible consequences if he failed to adequately respond to Defendants' motion for summary judgment. [Doc. 36.] On September 6, 2011, Plaintiff's response in opposition to Defendants' motion for summary judgment was filed. [Doc. 42.[3]] Accordingly, Defendants' motion is now ripe for review.

## BACKGROUND

On February 7, 2007, Plaintiff sent a letter to the United States Attorney's Office in Columbia, South Carolina, requesting a "Federal Arrest Warrant form to initiate an arrest of State Official for deliberate constitutional violations of rights." [Doc. 1 at 3; Doc. 1-1 at 2.] On March 5, 2007, Defendant Kevin F. McDonald ("McDonald"), then an Assistant United States Attorney, responded to Plaintiff, stating that federal arrest warrant forms were not available to the public, but because Plaintiff's letter raised criminal allegations, McDonald would forward Plaintiff's letter to the FBI for a review of Plaintiff's allegations. [Doc. 1 at 3; Doc. 1-1 at 7.] Thereafter, Plaintiff sought from McDonald the documents and evidence obtained by the FBI in the course of its investigation. [Doc. 1 at 3; Docs. 1-2, 1-3.] Plaintiff was unsuccessful in his attempts to receive documents from the United States Attorney's Office related to any FBI investigation of Plaintiff's allegations. [*See* Doc. 1 at 3; Doc. 1-4.]

---

[3] The same response in opposition was filed on December 12, 2011 [Doc. 53]; apparently, Plaintiff re-submitted the response to include a certificate of service and letter explaining that Plaintiff had served on Defendants his response in opposition [Docs. 53-4, 53-5]. Where applicable in this Report and Recommendation, the Court will refer only to Docket Entry 42.

2

On April 27, 2010, Plaintiff sent a letter to the FBI, requesting pursuant to FOIA a copy of the FBI's investigation report. [Doc. 34-2.] The FBI responded on May 13, 2010, assigning Plaintiff's request No. 1148083-000, requesting Plaintiff to submit more information to facilitate a search of the FBI's records, and denying Plaintiff's request for a fee waiver. [Docs. 34-3, 34-4.] On May 24, 2010, Plaintiff submitted the information sought by the FBI to facilitate a search of its records. [Doc. 34-5.] On May 26, 2010, Plaintiff sent a letter to the FBI, requesting to amend his FOIA request to include the grand jury transcripts involving Plaintiff's indictments and documentary proof that the grand jury was qualified by the circuit judge in open court. [Doc. 34-6.] On June 23, 2010, Plaintiff sent additional information to the FBI. [Doc. 34-7.] On July 1, 2010, the FBI wrote to Plaintiff, advising Plaintiff the FBI had failed to locate any main file records that were responsive to Plaintiff's request but that the agency would search again if Plaintiff could provide more details about the subject of Plaintiff's request. [Doc. 34-8.]

On July 23, 2010, Plaintiff provided more information to the FBI. [Docs. 34-9.] On August 2, 2010, the FBI acknowledged receipt of Plaintiff's information and assigned Plaintiff another request number, No. 1148083-001.[4] [Doc. 34-10.] Plaintiff provided more information on August 19, 2010. [Doc. 34-11.] On November 12, 2010, the FBI responded to Plaintiff's request by releasing Plaintiff's arrest warrant and advising Plaintiff of his right to appeal the FBI's response. [Doc. 34-12.]

On November 17, 2010, Plaintiff appealed the FBI's response, stating the FBI had misconceived Plaintiff's request. [Doc. 34-13.] On April 14, 2011, the Office of Information

---

[4] The FBI treated Plaintiff's July 23, 2010 submission as a second FOIA request. [Doc. 34-1 ¶ 14.]

3

Policy of the USDOJ affirmed the FBI's response to Plaintiff's FOIA request No. 1148083-001, stating that "the FBI's response was correct and that it conducted an adequate, reasonable search for records responsive to [Plaintiff's] request" and informing Plaintiff of his right to file a lawsuit if he disagreed with the decision. [Doc. 34-15.]

In addition to appealing the FBI's response to request No. 1148083-001, Plaintiff wrote to the FBI on November 22, 2010, requesting that the FBI provide "the correct document." [Doc. 34-16.] On December 9, 2010, the FBI sent Plaintiff a letter acknowledging the receipt of Plaintiff's request, advising Plaintiff that the FBI was conducting a search of its records, and assigning Plaintiff's request No. 1158434-000.[5] [Doc. 34-17.] On January 25, 2011, the FBI responded by releasing 36 pages to Plaintiff, with deletions made pursuant to exemptions outlined at 5 U.S.C. § 552(b)(6), (b)(7)(C). [Doc. 34-18.]

On May 16, 2011, Plaintiff's action was filed in this Court; Plaintiff alleges a "compelling need to obtain discovery . . . from the federal agencies which will help prove that [he] is incarcerated illegal[l]y." [Doc. 1 at 4.] Specifically, Plaintiff alleges the indictments returned against him in the April 5, 1988 term were returned during a "non-existing Anderson County General Sessions Court term." [*Id.*] Plaintiff also contends the withholding of the "FBI investigation report" clearly violates his Sixth and Fourteenth Amendment rights. [*Id.*] Plaintiff asks this Court to "make defendants produce the FBI Investigation Report where he has a Liberty interest at stake." [*Id.* at 5.] Plaintiff also requests the Court review the report to determine whether to issue a federal arrest warrant

---

[5] The FBI treated Plaintiff's November 22, 2010 submission as a third FOIA request. [Doc. 34-1 ¶ 21.]

4

for the "Sham Legal Process indictments that subjected Affiant to and is tantamou[n]t to Aggravated Kidnapping and or Slavery which is a bar to all prosec[u]tion, in accordance to the Constitution of the United State[s]."  [*Id.*]

## APPLICABLE LAW

### Liberal Construction of Pro Se Complaint

Plaintiff brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S.97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  Pro se pleadings are held to a less stringent standard than those drafted by attorneys.  *Haines*, 404 U.S. at 520.  Even under this less stringent standard, however, the pro se complaint is still subject to summary dismissal.  *Id.* at 520–21.  The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so.  *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).  A court may not construct the plaintiff's legal arguments for him.  *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993).  Nor should a court "conjure up questions never squarely presented."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### Summary Judgment Standard

Rule 56 states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a).  A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  *Id.* at 257.  When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings.  *Id.* at 324.  Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue.  *Id.*  Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion.  *Anderson,* 477 U.S. at 252.  Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion.  *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985), *overruled on other grounds*, 490 U.S. 228 (1989).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  *Anderson*, 477 U.S. at 248.  Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>>
>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## **DISCUSSION**[6]

Defendants contend they are entitled to summary judgment because the records that were withheld or redacted are legally exempt from disclosure. [Doc. 34 at 5.] Specifically, Defendants contend the exemptions outlined at 5 U.S.C. § 552(b)(6) and

---

[6] Liberally construing Plaintiff's Complaint, the Court concludes Plaintiff has stated a claim pursuant to FOIA and has failed to state a claim under the Sixth and Fourteenth Amendments. First, the thrust of Plaintiff's Complaint concerns Defendants' failure to produce the "FBI Investigation Report" after Plaintiff's repeated FOIA requests. Consequently, the Court finds Plaintiff filed this action to compel Defendants to produce the report; the Court also finds Plaintiff likely filed this action in response to the USDOJ's direction that Plaintiff could file a lawsuit if he wished to further appeal the denial of his request for documents [Doc. 34-15].

Second, Plaintiff has failed to state a claim against Defendants under the Sixth Amendment, which provides the right to effective assistance of counsel, U.S. Const. amend. VI. Nothing in the record indicates Defendants provided counsel to Plaintiff or that this action, unlike an action pursuant to 28 U.S.C. § 2254, otherwise presents an opportunity for Plaintiff to challenge his conviction by asserting he was provided ineffective assistance of counsel.

Finally, Plaintiff has failed to state against Defendants under the Fourteenth Amendment, which states, "No State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Nothing in the record indicates Defendants are depriving Plaintiff of life, liberty, or property; as explained below, the Court concludes Defendants have properly withheld their agency records from Plaintiff. Consequently, the Court finds Plaintiff has stated a claim against Defendants pursuant to FOIA but has failed to state claims against Defendants pursuant to the Sixth and Fourteenth Amendments.

(b)(7)(C) apply, which with respect to Plaintiff's FOIA request would protect the names of third parties contained in the documents responsive to Plaintiff's request and protect the identity of the victim of the crime for which Plaintiff was arrested and convicted. [Id. at 5–11.] Plaintiff contends Defendants' arguments are "moot" because Defendants could merely redact the names and/or identifying information of any third parties and the victim's name and identifying information are already public information because they are in the transcript of Plaintiff's trial.[7] [Doc. 42 at 2–3.] For the reasons discussed below, the Court

---

[7] Liberally construing Plaintiff's Complaint, Plaintiff contends that, in addition to improperly withholding the redacted information in the documents released to Plaintiff, the FBI has conducted an inadequate search for records responsive to Plaintiff's FOIA requests because the "FBI Investigation Report" has not been released to Plaintiff. [*See* Doc. 1 at 5 (requesting that the Court "make defendants . . . produce the FBI Inv[e]stigation Report," which indicates Plaintiff does not believe the FBI has released to him any such report).] Upon review of the applicable case law and the record, the Court concludes the FBI has conducted an adequate search for and is not improperly withholding documents responsive to Plaintiff's requests. Defendants have submitted a declaration that establishes the following:

> (1) The FBI's policy is to initially search for and identify only main files that are responsive to a FOIA request. [Doc. 34-1 ¶ 31.] Main files are files that carry the name corresponding with a subject of a file contained in the Central Records System ("CRS"). [*Id.* ¶ 25.]
>
> (2) The FBI conducted a search using Plaintiff's name, "Matthew Thomas Pickens," because Plaintiff's requests were interpreted as requesting records related to himself. [*Id.* ¶ 30.] This search would have located records using the phonetic sounds of Plaintiff's first, middle, and last names. [*Id.*]
>
> (3) The FBI did not locate any main files that were responsive to Plaintiff's FOIA requests. [*See id.* ¶ 31.]
>
> (4) Following Plaintiff's second FOIA request, the FBI *elected* to conduct a search of the CRS for any cross-references potentially responsive to Plaintiff's request. [*Id.*] A cross-reference is "generally only a mere mention or reference to an individual, organization, or other subject matter, contained in a document located in another 'main' file on a different subject matter." [*Id.* ¶ 25.]
>
> (5) The second search of the CRS produced two cross-references, and after careful review, one full page from one of the cross-reference files was released to Plaintiff. [*Id.* ¶ 31.] In response to Plaintiff's third FOIA request, the FBI released 36 pages from the same cross-reference file. [*Id.*] After further review, the FBI decided to make a discretionary release of eleven additional pages, which were mainly documents already released to Plaintiff or documents the FBI knew were already in Plaintiff's possession, as he had attached them to his Complaint. [*Id.*]

The declaration submitted by Defendants satisfies all the criteria for the Court to determine an adequate

concludes the documents withheld are legally exempt from disclosure and recommends Defendants' motion for summary judgment be granted.[8]

As the Fourth Circuit has stated,

> Congress enacted FOIA, 5 U.S.C. § 552, to permit a "policy of broad disclosure of Government documents in order to ensure 'an informed citizenry, vital to the functioning of a democratic society.' " *FBI v. Abramson*, 456 U.S. 615, 621, 102 S.Ct. 2054, 72 L.Ed.2d 376 (1982) (citations omitted); *see also Bowers v. United States Dep't of Justice*, 930 F.2d 350, 353 (4th Cir.1991) ("FOIA was enacted as a general disclosure statute pertaining to all federal records."). In enacting the statute, Congress also recognized that "legitimate governmental and private interests could be harmed by release of certain types of information." *Id.* Accordingly, Congress crafted nine exemptions to FOIA. 5 U.S.C. § 552(b).

*Wickwire Gavin, P.C. v. U.S. Postal Serv.*, 356 F.3d 588, 591–92 (4th Cir. 2004). The FOIA exemptions are to be narrowly construed. *Ethyl Corp. v. EPA*, 25 F.3d 1241, 1245 (4th Cir. 1994).

Federal courts have jurisdiction to enjoin an agency from withholding documents, 5 U.S.C. § 552(a)(4)(B), but only "upon a showing that an agency has (1) improperly; (2) withheld; (3) agency records," *Kissinger v. Reporters Comm. for Freedom of the Press*, 445

---

search was conducted. The declaration is "reasonably detailed, 'setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched.'" *Ethyl Corp.*, 25 F.3d at 1247 (quoting *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)). Moreover, as stated above, information has not been improperly withheld under FOIA if the agency has conducted a "search reasonably calculated to uncover all relevant documents" but has failed to provide the requester every single potentially responsive document that exists. *See id.* at 1246. Accordingly, the Court concludes the FBI conducted an adequate search for documents responsive to Plaintiff's FOIA requests.

[8] In his response in opposition to Defendants' motion for summary judgment, Plaintiff states that he also moves for a motion to compel Defendants to produce the documents related to the FBI's investigation. [Doc. 42 at 4.] To the extent Plaintiff has properly moved to compel production of requested discovery, his motion should be denied because the documents Plaintiff seeks in discovery are the same documents that are the subject of this lawsuit. Plaintiff is not entitled to the documents through discovery; Plaintiff is only entitled to the documents if the Court ultimately decides Defendants improperly withheld the documents.

U.S. 136, 150 (1980) (internal quotation marks omitted). Under FOIA, an agency must "provide information to the public on request if the request 'reasonably describes' the record sought and is made in accordance with published agency rules for making requests." *Ethyl Corp.*, 25 F.3d at 1245 (quoting 5 U.S.C. § 552(a)(3)). However, an agency has not improperly withheld information under FOIA if the agency has conducted a "search reasonably calculated to uncover all relevant documents" but has failed to provide the requester every single potentially responsive document that exists. *See id.* at 1246 (quoting *Weisberg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)) (internal quotation marks omitted); *see also Safecard Servs., Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir. 1991) ("When a plaintiff questions the adequacy of the search an agency made in order to satisfy its FOIA request, the factual question it raises is whether the search was reasonably calculated to discover the requested documents, not whether it actually uncovered every document extant." (citations omitted)). To demonstrate the adequacy of the search, the agency may rely on an affidavit if the affidavit is "reasonably detailed, 'setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched' so as to give the requesting party an opportunity to challenge the adequacy of the search." *Ethyl Corp.*, 25 F.3d at 1247 (quoting *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)).

"The burden is on the agency to demonstrate, not the requester to disprove, that the materials sought are not 'agency records' or have not been 'improperly' 'withheld.'" *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 n.3 (1989); *see* 5 U.S.C. § 552(a)(4)(B) (stating that "the burden is on the agency to sustain its action"); *Wickwire Gavin*, 356 F.3d at 591 (citing 5 U.S.C. § 552(a)(4)(B)) ("FOIA places the burden on the government agency

10

to sustain its action to withhold information under any of the FOIA Exemptions."). The agency may meet its burden through "[a]ffidavits or declarations supplying facts indicating that the agency has conducted a thorough search and giving reasonably detailed explanations why any withheld documents fall within an exemption." *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994) (footnote omitted). The declarations submitted by the agency in support of its determination are accorded substantial weight, 5 U.S.C. § 552(a)(4)(B), and "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents,'" *SafeCard Servs.*, 926 F.2d at 1200 (quoting *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981)). Summary judgment may be granted solely on the basis of these agency affidavits if they are "relatively detailed, nonconclusory and not impugned by evidence in the record of bad faith on the part of the agency." *McGehee v. CIA*, 697 F.2d 1095, 1102 (D.C. Cir. 1983) (citing *Founding Church of Scientology of Wash., D.C., Inc. v. NSA*, 610 F.2d 824, 836 (D.C. Cir. 1979)).

### *Exemption 6*

Congress has provided that FOIA does not apply to matters that are "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). As the Supreme Court has explained this exemption,

> Congress sought to construct an exemption that would require a balancing of the individual's right of privacy against the preservation of the basic purpose of the Freedom of Information Act "to open agency action to the light of public scrutiny." The device adopted to achieve that balance was the limited exemption, where privacy was threatened, for "clearly unwarranted" invasions of personal privacy.

*Dep't of Air Force v. Rose*, 425 U.S. 352, 372 (1976). "The privacy interest protected by Exemption 6 'encompass[es] the individual's control of information concerning his or her person.' An individual's interest in controlling the dissemination of information regarding personal matters does not dissolve simply because that information may be available to the public in some form." *U.S. Dep't of Defense v. Fed. Labor Relations Auth.*, 510 U.S. 487, 500 (1994) (quoting *U.S. Dep't of Justice v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 763 (1989)). Further, in describing the magnitude of the public interest at stake, the Supreme Court has stated that

> unless the invasion of privacy is "clearly unwarranted," the public interest in disclosure must prevail. As we have repeatedly recognized, FOIA's "basic policy of 'full agency disclosure unless information is exempted under clearly delineated statutory language,' . . . focuses on the citizens' right to be informed about 'what their government is up to.' Official information that sheds light on an agency's performance of its statutory duties falls squarely within that statutory purpose." *Department of Justice v. Reporters Comm.*, 489 U.S., at 773, 109 S.Ct., at 1481.

*U.S. Dep't of State v. Ray*, 502 U.S. 164, 177–78 (1991).

### *Exemption 7(C)*

As part of the seventh FOIA exemption, Congress has provided that FOIA does not apply to matters that are "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). Thus, to determine the exemption applies, the court must determine (1) the requested document was a record compiled for law enforcement purposes and (2) that, if the document was released in its entirety, the FOIA request could

12

reasonably constitute an unwarranted invasion of personal privacy. *See FBI v. Abramson*, 456 U.S. 615, 622 (1982) (stating that a court's analysis under Exemption 7 is a two-part inquiry). As with Exemption 6, to evaluate the propriety of the agency's withholding information under Exemption 7(C), the court must balance the privacy interest in maintaining the obscurity of the information against the public interest in disclosure. *U.S. Dep't of Justice v. Reporters Comm. for Freedom of Press*, 489 U.S. at 762. Further, "whether disclosure of a private document under Exemption 7(C) is warranted must turn on the nature of the requested document and its relationship to 'the basic purpose of the Freedom of Information Act "to open agency action to the light of public scrutiny."'" *Id.* at 772 (quoting *Rose*, 425 U.S. at 372). Finally, the Supreme Court has provided some guidance in differentiating Exemption 6 and Exemption 7(C):

> [*U.S. Dep't of Justice v. Reporters Comm. for Freedom of Press*] explained, however, that the concept of personal privacy under Exemption 7(C) is not some limited or "cramped notion" of that idea. 489 U.S., at 763, 109 S.Ct. 1468. Records or information are not to be released under FOIA if disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7). This provision is in marked contrast to the language in Exemption 6, pertaining to "personnel and medical files," where withholding is required only if disclosure "would constitute a clearly unwarranted invasion of personal privacy." § 552(b)(6). The adverb "clearly," found in Exemption 6, is not used in Exemption 7(C). In addition, "whereas Exemption 6 refers to disclosures that 'would constitute' an invasion of privacy, Exemption 7(C) encompasses any disclosure that 'could reasonably be expected to constitute' such an invasion." *Reporters Committee*, 489 U.S., at 756, 109 S.Ct. 1468. Exemption 7(C)'s comparative breadth is no mere accident in drafting. We know Congress gave special consideration to the language in Exemption 7(C) because it was the result of specific amendments to an existing statute. *See id.*, at 756, n. 9, 777, n. 22, 109 S.Ct. 1468.

*Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 165–66 (2004).

### *Analysis*

The information withheld from Plaintiff was the names and identifying information of third parties and the victim of Plaintiff's crime. [Doc. 34-1[9] ¶ 4 (indicating the documents responsive to Plaintiff's requests were redacted in part); *see also id.* ¶ 5 (indicating information was withheld *from the responsive documents*, which were produced to Plaintiff, rather than information was withheld in additional documents that were not produced to Plaintiff).] The Court concludes the FBI properly withheld this information because the information is exempt under Exemptions 6 and 7(C) from disclosure pursuant to a FOIA request.

First, Defendants have demonstrated the information withheld is contained in records or information compiled for law enforcement purposes, which brings the information withheld within the purview of Exemption 7(C). Defendants have submitted a declaration stating that the documents responsive to Plaintiff's FOIA requests were provided to the FBI by local law enforcement authorities in the course of the FBI's performance of its official criminal investigatory mission. [Doc. 34-1 ¶ 36.] Plaintiff does not dispute Defendants' assertion, and nothing in the record indicates the relevant records were not compiled for law enforcement purposes. Further, Defendants have asserted the relevant records discuss Plaintiff's involvement in the crimes of first degree burglary and first degree criminal sexual conduct, which are the type of files similar to personnel and medical files that are afforded protection under Exemption 6. Again, Plaintiff does not dispute this assertion, and

---

[9] Docket Entry 34-1 is the declaration of David M. Hardy, the Section Chief of the Record/Information Dissemination Section, Records Management Division, of the FBI. [Doc. 34-1 at 1.]

14

nothing in the record indicates the relevant records do not fall within the ambit of Exemption 6. *See Rose*, 425 U.S. at 376–77 (finding case summaries of discipline of cadet personnel to be "similar files" triggering Exemption 6 because disclosure of the summaries would implicate similar privacy values to disclosure of personnel files).

Second, Defendants have demonstrated the disclosure of the information withheld would constitute a clearly unwarranted invasion of personal privacy. Defendants have submitted a declaration stating that the information withheld is personal identifying information of third parties and the victim of Plaintiff's crimes. [*Id.* ¶ 34.] Balancing the public interest and the private interest at stake, the Court concludes the disclosure of this information would be a clearly unwarranted invasion of personal privacy because the information—identifying information of third parties and Plaintiff's victim—does not shed light on the operations of the FBI. *See Ray*, 502 U.S. at 177–78 (stating that the public interest in disclosure focuses on citizens' right to be informed about what the government is up to and official information that sheds light on an agency's performance of its statutory duties fulfills FOIA's policy of disclosure). The FBI has merely redacted information from the documents released to Plaintiff; ostensibly, the released documents achieve the purpose of FOIA—shedding light on the FBI's performance of its statutory duties. Further, while the information withheld may be available in the public domain as Plaintiff contends, as stated above, "[a]n individual's interest in controlling the dissemination of information regarding personal matters does not dissolve simply because that information may be available to the public in some form." *Fed. Labor Relations Auth.*, 510 U.S. at 500. Here, FOIA's underlying purpose will not be served by disclosing the personal information that was withheld. Accordingly, the Court concludes Exemptions 6 and 7(C) apply because the

disclosure of the information withheld would constitute a clearly unwarranted invasion of personal privacy and, as discussed above, the records are the type of "similar files" required for Exemption 6 to apply and, as required for Exemption 7(C) to apply, were compiled for law enforcement purposes.[10]

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends Defendants' motion for summary judgment be GRANTED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin<br>United States Magistrate Judge

February 2, 2012
Greenville, South Carolina

---

[10] As explained above, the requirement of Exemption 6 that the disclosure would constitute a clearly unwarranted invasion of personal privacy is a more stringent version of the requirement of Exemption 7(C) that the disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. Accordingly, because the Court concludes disclosure of the information withheld would meet the more stringent requirement of Exemption 6 such that Exemption 6 applies, the Court concludes Exemption 7(C) also applies.