IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Matthew Thomas Pickens, | ) | Civil Action No.: 2:11-cv-01168-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| United States Department of Justice, | ) | |
| Federal Bureau of Investigation, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, a state prisoner proceeding *pro se*, brought this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking to obtain records in the possession of the Federal Bureau of Investigation ("FBI").

On August 8, 2011, Defendants' filed their [Docket Entry 34] Motion for Summary Judgment, along with a declaration in support, [Docket Entry 34-1], and other supporting documentation. Because Plaintiff is proceeding *pro se*, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on August 11, 2011, advising Plaintiff of the motion for summary judgment procedure and the possible consequences if he failed to adequately respond. Thereafter, Plaintiff timely filed his [Docket Entry 42] Response in Opposition to the summary judgment motion.[1]

This matter is now before the court with the [Docket Entry 56] Report and Recommendation

---

[1] The court notes that the same response in opposition was again filed on December 12, 2011. (*See* Resp. in Opp. II [Docket Entry 53].) Where applicable in this Order, the court will refer only to the first Response in Opposition, [Docket Entry 42].

("R&R") of United States Magistrate Judge Jacquelyn D. Austin[2] filed on February 2, 2012.[3] In her R&R, the Magistrate Judge "conclude[d] the documents withheld [were] legally exempt from disclosure and recommend[ed] [that] Defendants' motion for summary judgment [should] be granted." (R&R at 9.) Plaintiff timely filed his [Docket Entry 61] Objections to the R&R.

## Background

The facts are thoroughly and accurately set forth in the Magistrate Judge's R&R, which this Order adopts and incorporates by reference. Briefly, Plaintiff sent a letter to the United States Attorney's Office in Columbia, South Carolina on February 7, 2007, requesting a "Federal Arrest Warrant form to initiate an arrest of State Official for deliberate constitutional violations of rights." (Affidavit [Docket Entry 1-1] at 2.) On March 5, 2007, Kevin F. McDonald, then an Assistant United States Attorney, responded to Plaintiff, stating that federal arrest warrant forms were not available to the public, but because Plaintiff's February 7 Letter raised criminal allegations, it would be forwarded to the FBI for a review of those allegations. (*Id.* at 7.)

Thereafter, Plaintiff sent multiple requests pursuant to FOIA to the FBI, requesting a copy of the FBI's investigation report. Plaintiff's first FOIA request, as amended, sought a copy of the FBI's investigation report, along with the grand jury transcripts involving Plaintiff's state indictments and documentary proof that the grand jury was qualified by the state circuit judge in open court. (*See* 1st FOIA Letter [Docket Entry 34-2] at 2; Am. to 1st Letter [Docket Entry 34-5] at 4.) Ultimately, the FBI wrote to Plaintiff, advising him that the FBI had failed to locate any main

---

[2] This matter was referred to Magistrate Judge Austin pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(f), D.S.C.

[3] Subsequent to the Magistrate Judge issuing her R&R, Plaintiff filed a motion to stay this entire matter, [Docket Entry 58], which the undersigned denied by text order, [*see* Docket Entry 59], on February 10, 2012.

file records that were responsive to Plaintiff's request, but that the FBI would search again if Plaintiff could provide more details regarding the subject of his request. (*See* FBI July 1 Letter [Docket Entry 34-8] at 2.)

Plaintiff subsequently submitted his second FOIA request to the FBI on July 23, 2010, which included additional information. (*See* 2d FOIA Letter [Docket Entry 34-9].) After receiving even more additional information from Plaintiff, the FBI responded to Plaintiff's FOIA request by releasing his arrest warrant and advising him of his right to appeal the FBI's response. (*See* FBI Nov. 12 Letter [Docket Entry 34-12] at 2-3.)

Thereafter, Plaintiff appealed the FBI's decision, which the United States Department of Justice ("USDOJ") ultimately affirmed, concluding "the FBI's response was correct and that it conducted an adequate, reasonable search for records responsive to [Plaintiff's] request." (USDOJ April 14 Letter [Docket Entry 34-15] at 2.)

Plaintiff submitted his third FOIA request, by way of letter, on November 22, 2010. (*See* 3d FOIA Letter [Docket Entry 34-16].) Ultimately, on January 25, 2011, the FBI responded by releasing thirty-six (36) pages to Plaintiff, with deletions made pursuant to the exemptions outlined in 5 U.S.C. § 552(b)(6), (7)(C). (*See* FBI Jan. 25 Letter [Docket Entry 34-18] at 2-40.)

This lawsuit followed. In his [Docket Entry 1] Complaint, Plaintiff alleges that the state "prosecutor and Court of South Carolina convicted him on Sham Legal Process indictments that subjected [him] to Aggravating Kidnapping and or Slavery," and further that there is a "compelling need to obtain discovery of such material from the federal agencies which will help prove that plaintiff is incarcerated illegaly [sic]." (Compl. at 4.) Plaintiff asks "the court to make defendants [] produce the FBI Inv[e]stigation Report where he has a Liberty interest at stake." (*Id.* at 5.) In

addition, Plaintiff asks the court to review the FBI report to determine whether to issue a federal arrest warrant for the alleged "Sham Legal Process indictments." (*Id.*)

**Standard of Review**

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

**Discussion**

I.  Law Applicable to FOIA

   a.  Generally

"FOIA provides that federal agencies shall 'upon any request for records which . . . reasonably describes such records . . . make the records promptly available to any person,' 5 U.S.C. § 552(a)(3)(A), unless a statutory exemption applies, *see* 5 U.S.C. § 552(b)." *Casa de Maryland, Inc.*

*v. U.S. Dep't of Homeland Sec.*, 409 F. App'x 697, 698 (4th Cir. 2011). "Congress enacted FOIA . . . to permit a 'policy of broad disclosure of Government documents in order to ensure 'an informed citizenry, vital to the functioning of a democratic society.'" *Wickwire Gavin, P.C. v. U.S. Postal Serv.*, 356 F.3d 588, 591 (4th Cir. 2004) (quoting *FBI v. Abramson*, 456 U.S. 615, 621 (1982) (citations omitted)). Nevertheless, Congress also recognized that "legitimate governmental and private interests could be harmed by release of certain types of information," *Abramson*, 456 U.S. at 621, and, thus, "public disclosure is not always in the public interest," *Baldrige v. Shapiro*, 455 U.S. 345, 352 (1982). To this end, Congress enacted "nine specific exemptions under which disclosure [can] be refused." *Abramson*, 456 U.S. at 621; *see also* 5 U.S.C. § 552(b). Given FOIA's policy of broad disclosure, however, these "exemptions are to be narrowly construed in favor of disclosure." *Spannaus v. U.S. Dep't of Justice*, 813 F.2d 1285, 1288 (4th Cir. 1987). "The burden of demonstrating that requested information falls under an exemption rests on the government." *Casa de Maryland, Inc.*, 409 F. App'x at 699 (citing 5 U.S.C. § 552(a)(4)(B)).

"On complaint, the district court of the United States . . . has jurisdiction to enjoin [an] agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant," 5 U.S.C. § 552(a)(4)(B), but only "upon a showing that [the] agency has (1) 'improperly' (2) 'withheld' (3) 'agency records,'" *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980). To show that a record has not been improperly withheld, "[a] defendant agency has the burden of establishing the adequacy of its search and that any identifiable document has either been produced or is subject to withholding under an exemption." *Heily v. U.S. Dep't of Commerce*, 69 F. App'x 171, 173 (4th Cir. 2003). Generally, a defendant agency may meet these respective burdens through a detailed, nonconclusory affidavit

5

showing the manner of the conducted search and the applicability of any FOIA exemptions. *See id.*; *Ethyl Corp. v. EPA*, 25 F.3d 1241, 1246-47 (4th Cir. 1994) (quoting *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)).

  b. Exemptions 6 and 7(C)

In this case, Defendants assert that two (2) privacy-based exemptions to FOIA apply–Exemptions 6 and 7(C). (*See* Motion for Summ. J. at 8.) Exemption 6 provides that FOIA does not apply to "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Exemption 7(C) provides that FOIA does not apply to "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy." *Id.* § 552(b)(7)(C).

In applying both Exemptions 6 and 7(C), "the Supreme Court employs a balancing approach that weighs individual privacy interests against the public interest in disclosure." *Casa de Maryland, Inc.*, 409 F. App'x at 700 (citing *U.S. Dep't of Justice v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 762 (1989)). As to Exemption 6, the Supreme Court has stated that "unless the invasion of privacy is 'clearly unwarranted,' the public interest in disclosure must prevail." *U.S. Dep't of State v. Ray*, 502 U.S. 164, 177 (1991). On the other hand, "whether disclosure of a private document under Exemption 7(C) is warranted must turn on the nature of the requested document and its relationship to 'the basic purpose of [FOIA] []to open agency action to the light of public scrutiny,[]' *Department of Air Force v. Rose*, 425 U.S. 352, 372 (1976), rather than on the particular purpose for which the document is being requested." *Reporters Comm. for Freedom of Press*, 489 U.S. at

772. Finally, the Supreme Court has provided some guidance in differentiating Exemption 6 and Exemption 7(C):

> [*U.S. Department of Justice v. Reporters Committee for Freedom of Press*] explained . . . that the concept of personal privacy under Exemption 7(C) is not some limited or "cramped notion" of that idea. 489 U.S. at 763. Records or information are not to be released under FOIA if disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7). This provision is in marked contrast to the language in Exemption 6, pertaining to "personnel and medical files," where withholding is required only if disclosure "would constitute a clearly unwarranted invasion of personal privacy." § 552(b)(6). The adverb "clearly," found in Exemption 6, is not used in Exemption 7(C). In addition, "whereas Exemption 6 refers to disclosures that 'would constitute' an invasion of privacy, Exemption 7(C) encompasses any disclosure that 'could reasonably be expected to constitute' such an invasion." [*Reporters Comm. for Freedom of Press*], 489 U.S. at 756. Exemption 7(C)'s comparative breadth is no mere accident in drafting. We know Congress gave special consideration to the language in Exemption 7(C) because it was the result of specific amendments to an existing statute.

*Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 165-66 (2004).

II. <u>Analysis of R&R and Objections</u>

    a. <u>Adequacy of Search</u>

In his Objections, Plaintiff contends that the Magistrate Judge erred in finding that the FBI had conducted an adequate search for documents in response to Plaintiff's FOIA requests. The court disagrees and overrules this objection.

Plaintiff argues only that the search was inadequate because he requested several documents, including grand jury transcripts, that he did not receive from the FBI after its search. (*See* Obj. at 2.) However, as the Magistrate Judge accurately concluded in her R&R, the fact that a search fails to unearth or reveal all potentially responsive documents does not, in and of itself, make a search inadequate. (*See* R&R at 8-9 n.7.) Rather, an agency has not improperly withheld records if the

agency has "conducted a 'search reasonably calculated to uncover all relevant documents,'" even if "not [] every single potentially responsive document has been unearthed." *Ethyl Corp.*, 25 F.3d at 1246 (4th Cir. 1994) (quoting *Weisberg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984) (citations omitted)). Moreover, an agency can "demonstrat[e] the adequacy of its search" through an affidavit that is "reasonably detailed, 'setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials . . . were searched' so as to give the requesting party an opportunity to challenge the adequacy of the search." *Id.* at 1246-47 (quoting *Oglesby*, 920 F.2d at 68). Here, the Magistrate Judge reviewed the Declaration submitted by Defendants, [Docket Entry 34-1], and concluded that "[t]he declaration . . . satisfie[d] all the criteria for the Court to determine an adequate search was conducted." (R&R at 8-9 n.7.) Plaintiff has failed to dispute the Magistrate Judge's findings as to the information in the Declaration regarding the manner and method of the FBI's search. Upon review of the entire record, including the Declaration, the court finds itself in agreement with the Magistrate Judge that Defendants "conducted an adequate search for documents responsive to Plaintiff's FOIA requests." (R&R at 8-9 n.7.)

  b. Exemptions

Plaintiff also objects to the Magistrate Judge's ruling regarding Exemptions 6 and 7(C). In her R&R, the Magistrate Judge found that the FBI withheld the names and identifying information of third parties and the victim of Plaintiff's past crimes, and further concluded that "the FBI properly withheld this information because the information [was] exempt under Exemptions 6 and 7(C) from disclosure pursuant to a FOIA request." (R&R at 14.) Upon review, the court agrees with the Magistrate Judge.

First, the Magistrate Judge accurately determined that the information withheld by Defendants is contained in records or documents of the type provided for in Exemptions 6 and 7(C). Specifically, the Magistrate Judge concluded as follows:

> Defendants have demonstrated the information withheld is contained in records or information compiled for law enforcement purposes, which brings the information withheld within the purview of Exemption 7(C). Defendants have submitted a declaration stating that the documents responsive to Plaintiff's FOIA requests were provided to the FBI by local law enforcement authorities in the course of the FBI's performance of its official criminal investigatory mission. [Doc. 34-1 ¶ 36.] Plaintiff does not dispute Defendants' assertion, and nothing in the record indicates the relevant records were not compiled for law enforcement purposes. Further, Defendants have asserted the relevant records discuss Plaintiff's involvement in the crimes of first degree burglary and first degree criminal sexual conduct, which are the type of files similar to personnel and medical files that are afforded protection under Exemption 6. Again, Plaintiff does not dispute this assertion, and nothing in the record indicates the relevant records do not fall within the ambit of Exemption 6.

(R&R at 14-15.) While Plaintiff did file Objections, nowhere does Plaintiff argue that these documents fall outside the purview of Exemptions 6 and 7(C).[4] Thus, upon review and in light of Plaintiff's failure to object to this recommendation, the court concludes, as did the Magistrate Judge, that the documents from which the information has been withheld are the type covered by Exemptions 6 and 7(C).

Second, the court also concludes that disclosure of the withheld information would constitute a clearly unwarranted invasion of personal privacy. As an initial matter, Defendants have demonstrated a legitimate privacy interest in withholding this information. Specifically, in their

---

[4] The court also notes that Plaintiff spent a significant portion of his Objections setting forth the law that relates to Rule 26(c) of the Federal Rules of Civil Procedure. First and foremost, Rule 26(c) relates to protective orders during discovery, and Defendants have not sought any such protective order in this action. Moreover, the documents that Plaintiff seeks through this discovery rule are the same documents that are the subject of this FOIA lawsuit. Thus, Plaintiff is not entitled to "compel" the documents through discovery; he is only entitled to the documents if the court ultimately determines that Defendants improperly withheld them after his FOIA requests, which the court does not for the reasons stated in this Order. Accordingly, Plaintiff's objection under Rule 26(c) is hereby overruled.

9

Declaration, Defendants assert that disclosure of the withheld names and identities of those persons related to the FBI's investigation would "subject these individuals to possible harassment or criticism and focus derogatory inferences and suspicion on them" and "would cause embarrassment, as well as unsolicited and unnecessary attention to be focused on the victim [of the crimes]." (Declaration ¶¶ 39, 41.) The Fourth Circuit has expressly recognized this "substantial" privacy interest:

> FBI agents, government employees, third-party suspects, and other third parties mentioned or interviewed in the course of [an] investigation have well-recognized and substantial privacy interests in the withheld information. Among other things, these individuals have a substantial interest in the nondisclosure of their identities and their connection with particular investigations because of the potential for future harassment, annoyance, or embarrassment.

*Neely v. FBI*, 208 F.3d 461, 464-65 (4th Cir. 2000). Moreover, Plaintiff has failed to set forth a public interest in disclosure sufficient to show that disclosure of this withheld information would not be a clearly unwarranted invasion of privacy.[5] While Plaintiff appears to assert a public interest in shedding light on improper agency conduct,

> where . . . the public interest being asserted is to show that responsible officials acted negligently or otherwise improperly in the performance of their duties, the requester must establish more than a bare suspicion in order to obtain disclosure. Rather, the requester must produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred.

*Favish*, 541 U.S. at 174. Here, in his Objections, Plaintiff merely states, in a conclusory fashion, that the public has an interest in assessing allegations of "official misconduct," (Obj. at 6), and his general and speculative allegations create, at the very most, nothing more than a "bare suspicion"

---

[5] Additionally, to any extent that Plaintiff may be asserting that the information should be disclosed because it is already available in some public format (i.e., court records), the Supreme Court has specifically held that "[a]n individual's interest in controlling the dissemination of information regarding personal matters does not dissolve simply because that information may be available to the public in some form." *U.S. Dep't of Defense v. Fed. Labor Relations Auth.*, 510 U.S. 487, 500 (1994); *see also Neely*, 208 F.3d at 465 ("[C]ourts have upheld the assertion of Exemption 7(C) to protect the identities even of individuals who have testified in open court.").

regarding the same. Likewise, the court does not see how disclosure of the limited information that has been withheld–identifying information of third parties and the victim of Plaintiff's crimes–would serve FOIA's underlying purpose, as that information fails to shed light on the operations of the FBI. *See Neely*, 208 F.3d at 464 ("FOIA recognizes a public interest only in information bearing on 'an agency's performance of its statutory duties.'" (quoting *Reporters Comm. for Freedom of Press*, 489 U.S. at 773)); *Ray*, 502 U.S. at 177-78 (holding that "[o]fficial information that sheds light on an agency's performance of its statutory duties falls squarely within" FOIA's underlying policy of disclosure"). Notably, in *Neely*, the Fourth Circuit held that the public interest in similar information–"names and identifying information of FBI agents, other government employees, third-party suspects, and third parties mentioned . . . in the course of an investigation"–was "negligible." *Neely*, 208 F.3d at 464. Accordingly, the court concludes that FOIA's underlying purpose would not be served by disclosing the personal information that has been withheld and, further, that any such disclosure would constitute a clearly unwarranted invasion of personal privacy.

In sum, as the Magistrate Judge accurately found, both Exemptions 6 and 7(C) apply to the withheld information because disclosure of that information would be a clearly unwarranted invasion of personal privacy and, as discussed above, the records at issue are the type covered by each of the Exemptions.[6]

---

[6] As discussed in this Order, Exemption 6's requirement that the disclosure must constitute a clearly unwarranted invasion of personal privacy is a more stringent standard than Exemption 7(C)'s requirement that the disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. Therefore, because the court concludes that disclosure of the information withheld in this case would meet Exemption 6's more stringent requirement, the court also concludes that Exemption 7(C)'s lesser standard has been met. Moreover, for the reasons discussed in this Order, the court further concludes that Exemption 7(C) would apply to the withheld information, even if Exemption 6 did not.

**Conclusion**

The court has thoroughly reviewed the entire record, including the R&R and Objections, and applicable law. For the reasons stated above and by the Magistrate Judge, the court hereby overrules all of Plaintiff's Objections and adopts and incorporates by reference the Magistrate Judge's R&R. Accordingly, Defendants' Motion for Summary Judgment is hereby **GRANTED**.

**IT IS SO ORDERED**.

    s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
March 7, 2012